### Jasper K. Gooding v. James Hingston.

*Pleading and evidence: Common counts: Foreign judgment: Account stated.*
The record of a foreign judgment is not admissible in evidence to prove a cause of action alleged in the common counts in *assumpsit*.

The count upon an account stated, may be supported by evidence of an accounting between the parties and a balance struck; and it seems that any admission or acknowledgment of a sum due, or an award upon a parol submission, is also admissible under this count.

*Heard May 12. Decided May 26.*

Error to Saginaw Circuit.

This was an action of *assumpsit* brought by James Hingston, in the Circuit Court, for the County of Saginaw against Jasper K. Gooding. The plaintiff declared upon the common counts in *assumpsit*, including the count upon an account stated: and on the trial offered in evidence an exemplification of a judgment rendered in the Court of

Queen's Bench, Toronto, Upper Canada, against the defendant, and in favor of the plaintiff and one William McBain. This was objected to by the defendant, as inadmissible under the declaration; the Court overruled the objection, and admitted the evidence. A judgment being rendered for the plaintiff below, the cause now comes into the Court by writ of error, to review the ruling of the Circuit Judge, upon the admission of the evidence.

*Hoyt & Perkins*, for plaintiff in error.

*W. M. Miller*, for defendant in error.

COOLEY, J.

It appears from this record that Hingston sued Gooding in *assumpsit*, the declaration containing only the common counts for goods sold and delivered, work, labor and materials, money paid, money had and received, and an account stated. On the trial, he offered in evidence, as the sole cause of action, a judgment recovered in the Court of Queen's Bench of Upper Canada, in favor of one McBain, against Gooding, and of which he claimed to be the assignee. The admission of this judgment in evidence was objected to by the defendant, because not specially counted upon, but the Judge admitted it, and the plaintiff had judgment. Error is now brought, and the only question is whether the declaration was sufficient to warrant the recovery had.

Our statute,—*Comp. L.* § *4550*,—allows *assumpsit* to be brought upon judgments in all cases, but it does not in express terms make any change in the rules of pleading applicable to suits upon such demands. *Assumpsit* might be brought upon a foreign judgment at the common law, but the declaration was special, and the substantial averments were the same as in an action of debt. In counting upon a judgment, it was not only necessary to declare specially,

but it was important to describe the judgment with accuracy, as a slight variance was generally fatal. — *Bissell v. Kip*, *5 Johns.*, *89*; *Bibbins v. Noxon*, *4 Wend.*, *207.*—We discover no reason for supposing that the declaration was to be simplified by the statute referred to, nor was any suggested by counsel.

The defendant in error insists that the judgment is evidence of an account stated between the parties. A declaration upon an account stated may be supported whenever, as the result of an accounting between the parties in respect to debts or accounts, a balance has been struck; and it seems that any admission by one of a balance, or an acknowledgment that a sum of money is due to the other, is sufficient *prima facie* to support a declaration upon an account stated.—*Trueman v. Hurst*, *1 T. R.*, *42*; *Dawson v. Remnant*, *6 Esp.*, *24*; *Fitch v. Leitch*, *11 Leigh*, *471.*— But we are not aware that this action has ever been extended to the case of such compulsory adjustments of demands, as the law may make against the will of the party, nor are we referred to any case which seems to us to warrant such an extension.

The cases nearest analogous are those in which it has been held that under a count upon an account stated, the plaintiff may be allowed to recover upon an award made under a parol submission of disputed demands arising upon contract.—*Keen v. Batshore*, *1 Esp.*, *194*; *Bates v. Curtis*, *21 Pick.*, *247.*—But in these cases where third persons are voluntarily chosen by the parties to adjust their demands, the conclusion arrived at may well be treated, for the purpose, of further proceedings, as that of the parties themselves; and considering the award as an account stated, does no violence to the evident purpose of the proceeding. The precedents do not appear to us to go far enough to warrant a recovery upon a judgment under a similar declaration; and we find ourselves unable to concur in the conclusion which

20 Mich.—d³.

was reached by the Circuit Judge. The judgment of the Circuit Court must therefore be reversed with costs, and a new trial ordered.

The other Justices concurred.