# Jay S. Curtis v. The Flint & Pere Marquette Railway Company.

*Assumpsit: Common counts: Money paid to defendant's use: Evidence: Duty of defendant to pay: Contract under seal.* An action of assumpsit on the common money counts will lie to recover the amount of a tax paid by the plaintiff for the use of the defendant, notwithstanding the duty of the defendant to pay the tax arose upon his contract under seal for the sale of the land to the plaintiff. The action is not based upon the contract, which is matter of evidence only; and the duty of defendant to pay may be established by a contract under seal, as well as by any other.

*Cases distinguished.* This case is distinguished from *Butterfield v. Seligman, 17 Mich., 95,* and *Gooding v. Hingston, 20 Mich., 439.*

*Submitted on briefs June 11.    Decided June 18.*

Error to Saginaw circuit.

*Wisner & Draper,* for plaintiff error, cited *Colburn v. Pomeroy, 44 N. H., 19; Stent v. Hunt, 3 Hill, S. C., 223; Richardson v. Smith, 8 Johns., 439; Robertson v. Lynch, 18 Johns., 456; Miller v. Watson, 4 Wend., 267; Ladue v. Seymour, 24 Wend., 59; Butterfield v. Seligman, 17 Mich., 95; Gooding v. Hingston, 20 Mich., 439.*

*William L. Webber,* for defendant in error.

COOLEY, J :

In a suit in assumpsit on the common money counts, the plaintiff below,—defendant in error,—sought to recover of the defendant below the amount of a tax claimed to have been paid for him. To show that the payment was made for the use of the defendant, a contract under seal was put in evidence, by which it appeared that defendant had sold to plaintiff the land on which the tax was levied; that he agreed by the contract to pay the tax, but had neglected to do so, and plaintiff had therefore paid it for its own protection. The defendant objected to the evidence, and requested

of the court an instruction to the jury that the plaintiff
could not recover under the pleadings.   This request was
refused, and the plaintiff had judgment.

The point made is, that the action is really an action on
the contract under seal; and though the statute (*Comp. L.,*
§ *6194*) permits assumpsit to be brought on such a con-
tract, it does not go so far ' as to permit a recovery on the
common counts when, but for a resort to this form of action,
a special count on the contract would have been necessary.

We held in *Gooding v. Hingston, 20 Mich., 439,* that
though the statute allows assumpsit to be brought on the
judgments of courts of record, it does not dispense with any
special averments in the declaration which were before essen-
tial.   It was therefore necessary in suing upon a judgment
to declare specially; proof of the judgment would not sus-
tain an action on the common counts.   The distinction be-
tween that case and this is obvious.   This action, as has
been stated, is brought to recover moneys paid for defend-
ant's use; and all that is necessary to maintain such an
action is to show the duty of the defendant to pay, and the
payment by the plaintiff to protect itself against injurious
consequences.   The duty may as well be established by a
contract under seal as by any other; the action is not based
upon it, but it is matter of evidence only.   The case is the
opposite of *Butterfield v. Seligman, 17 Mich., 95,* which
is relied upon by the plaintiff in error.   In that case plain-
tiff sought to recover moneys paid by him on a special con-
tract for the purchase of land, by proving that defendant
could not make a good title.   The court held that he must
count specially on a breach of the contract.   The contract
was still subsisting, and the breach relied upon was not the
payment of money, but the conveyance of a title.   In this
case the breach of contract was the breach of duty on the
part of defendant to pay the tax.   Had the obligation to
pay depended on a failure of defendant to observe some
other stipulation of the contract between the parties, so that
to establish defendant's liability a breach of such other stip-

CURTIS v. FLINT & PERE MARQUETTE R. W. CO.

ulation must be shown, the case would have been analogous to *Butterfield v. Seligman;* but here the obligation to pay was absolute.

We have examined all the cases referred to by counsel for plaintiff in error, and none of them seems to us in point.

The judgment was correct, and must be affirmed, with costs.

The other Justices concurred.