[Civil No. 174.  Filed January 17, 1887.]

[S. C. 12 Pac. 614.]

MAX ORDENSTEIN, doing business as Ordenstein & Co., Plaintiff and Appellant, v. JAMES BONES and CHARLES SPENCER, co-partners as Bones & Spencer, Defendants and Respondents.

1. ATTACHMENT—COMP. LAWS 1877, p. 426, par. 2557, CITED—EVI-
DENCE—ACCOUNT STATED ADMISSION OF INDEBTEDNESS RENDERING
UNNECESSARY OTHER PROOF—STATING OF ACCOUNT WITHIN THIS
TERRITORY FOR GOODS SOLD WITHOUT IS NOT A NEW CONTRACT
TO SUSTAIN ATTACHMENT UNDER STATUTE SUPRA—ATTACHMENT
SUMMARY REMEDY AND PLAINTIFF MUST COME CLEARLY WITHIN
ITS PROVISIONS.—Where goods were sold by plaintiff without the
territory and thereafter the open account therefor was stated within
the territory by the written admission of defendant of the cor-
rectness of the account such account stated amounts to a solemn
admission of the fact of indebtedness, which, if proved, makes un-
necessary other evidence of the indebtedness, rather than a new

contract. It is not a contract made in this territory, for goods sold out of the territory, to sustain an attachment under the statute *supra,* authorizing the issuance of a writ there plaintiff sues to recover "an indebtedness upon a contract, expressed or implied, for the direct payment of money, and that such contract was made or is payable in this territory." Attachment is a summary remedy, and a plaintiff must clearly come within its provisions to invoke its powers.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. Affirmed.

The facts are stated in the opinion.

Herndon & Hawkins and E. M. Sanford, for Appellant.

The stating of an account changes the nature of the original indebtedness and becomes a new contract or undertaking. *Mayre* v. *Strouse,* 6 Sawy. 204-17, 5 Fed. 483; *Foster* v. *Allanson,* 2 Term R. 479; *Carey* v. *P & C. Petroleum Co.,* 33 Cal. 694; *Holmes* v. *DeCamp,* 1 Johns. 34, 3 Am. Dec. 293; *Montgomery* v. *Ivers,* 17 Johns. 38; *White* v. *Campbell,* 25 Mich. 463.

The consideration for the new contract is the agreement and acts of the parties in striking a balance concerning their previous dealings. *Chace* v. *Trafford,* 116 Mass. 532, 17 Am. Rep. 171; *Melchoir* v. *McCarty,* 31 Wis. 252, 11 Am. Rep. 605.

The account having been presented in Arizona and the endorsement thereon made and signed there, thus creating a new contract, such new contract is governed by the laws of the place where it was signed and becomes therefore subject to all the remedies of the *lex loci contractus..* 2 Parsons Contracts (6th Ed.) §§ 583-586.

Rush, Wells and Howard, for Respondents.

Proceedings by attachment under our statute is an extraordinary remedy, not known to the common law, and a party to avail himself of this remedy must bring himself clearly within the statute.

The stating of an account is but an agreement that the balance stated is due upon the original contract, and its only effect is to change the character of the proofs at the trial, viz: Instead of proving the items of the original account and their value and contract price, it is sufficient to prove the original indebtedness, and defendants' admission and agreement that the balance stated is the amount due. *Chace* v. *Trafford*, 116 Mass. 532, 17 Am. Rep. 171; *White* v. *Campbell*, 25 Mich. 462, note.

When a contract for the payment of money is made out of the territory it can only be made payable within the territory so as to bring it with the terms of the statute (attachment) by special contract. *Dulton* v. *Shelton*, 3 Cal. 206; *Eck* v. *Hoffman*, 55 Cal. 501; *Trabant* v. *Rummell*, 14 Or. 17, 12 Pac. 56.

BARNES, J. The statute (Comp. Laws, 2257) authorizes the issuing of an attachment writ where plaintiff sues to recover "an indebtedness upon a contract, expressed or implied, for the direct payment of money, and that such contract was made or is payable in this territory." Plaintiff in this case was a merchant doing business in California, and sold goods to defendants, who were living in this territory. It is admitted that such sale of goods was made in California, and that such contract would not support an attachment writ. After the sale was made, however, defendants, when, pressed for payment, and being unable to pay then, were asked to acknowledge the debt, and did so in the following words, in writing:

"PRESCOTT, November 16, 1885.

"The above balance, fourteen hundred and ninety-three 96-100 dollars, due Ordenstein & Co., is correct.

BONES & SPENSER."

This was written on accout for goods sold, at the place of business of defendants, in Prescott, Arizona. This writing is made the basis of this suit, and an attachment writ was issued on the ground that this latter writing is a contract made in this territory, and payable here.

We have been referred to many cases tending to show that

an account stated was a new contract at common law, and that the above writing creates an account stated. At common law, when an amount due on an open account was agreed upon, then the law implied a promise to pay that particular amount. So, when goods were sold and delivered, the law implies a contract to pay the price for them. It is insisted that being an account stated, it became an implied contract to pay, and, made in this territory, brings the action within the attachment laws. While much has been said and written by way of argument which sustains this view, yet a careful analysis of an account stated at common law leads to the conclusion that it amounts to a solemn admission of the fact of indebtedness, which, if proved, makes unnecessary other evidence of the indebtedness, rather than that it is a new contract.

It is said in *Chace* v. *Trafford,* 116 Mass. 532, 17 Am. Rep. 171: "An account stated is an acknowledgement of the existing condition of liability between the parties. From it the law implies a promise to pay whatever balance is thus acknowledged to be due. It thereby becomes a new and unpaid cause of action, so far as that a recovery may be had upon it without setting forth or proving the separate items of liability from which the balance results." This case, therefore, treats it rather as an admission of a fact than as a contract, and the case decides that the statute of limitations begins to run from the date of the last item of the account. The account stated is not a new promise, to bring an account within the statute of limitations. To the same effect is *White* v. *Campbell,* 25 Mich. 463.

If an account stated is not a new promise, to bring an open account within the statute of limitations, *a fortiori,* it is not a contract made in this territory, for goods sold out of the territory, to sustain an attachment. This is summary remedy, and a plaintiff must clearly come within its provisions to invoke its powers. *Eck* v. *Hoffman,* 55 Cal. 502; *Dulton* v. *Shelton,* 3 Cal. 206. By the paper sued on in this case the defendants simply say: "The above balance due is correct." This is a solemn admission of indebtedness, which could only be questioned for mistake or

fraud; but it is simply an admission by defendants that they owe plaintiff a certain amount for the goods sold as stated in the account. The parties intended no more than that. *Gooding* v. *Hingston,* 20 Mich. 441. There is a broad distinction between an "admission" and a "contract." Nothing short of a contract made or payable in this territory gives the right to a writ of attachment. We do not think this paper is more than an admission of indebtedness. It does not change the nature of the old contract, or make a new one in this territory, but it dispenses with proof of the account.

The judgment of the district court dissolving the attachment is affirmed.

PORTER, J., concurs.