DULTON, Appellant, *v.* SHELTON & MARSTON, Respondents.

The remedy by attachment is given by the statute of this State to those contracts for the direct payment of money which are made in, or are payable, in this State.

A debt due for merchandise sold in Boston, to residents of San Francisco, and forwarded to the latter, they stipulating to pay by remitting funds to Boston, is not the subject of an attachment under the act of 29th April, 1851.

To entitle a party to an attachment under this act, the contract must be made in this State, or must contain a stipulation that the money is to be paid here.

APPEAL from the District Court of the Fourth Judicial District.

This action was brought by the plaintiff, resident in Boston, Massachusetts, to recover of the defendants, residents of San Francisco, $21,626 08, the value of goods, wares, and merchandise sold by the plaintiff to the defendants.

The complaint was filed March 2d, 1853, and on the same day an affidavit was filed, stating the indebtedness of defendants, and that the contract was made after the passage of the act of April 29, 1851, that the same is payable in this State, and that payment had not been secured by mortgage on real or personal property.

A writ of attachment issued in pursuance of the above application, and on the 5th March, defendants moved for a rule to show cause why the attachment should not be set aside. The ground alleged upon the motion was that the contract was not made in this State, nor was the money payable in this State, but that the contract was made, and the money payable in Massachusetts.

The evidence was, that the defendants had purchased on several occasions, the merchandise in question from the plaintiff in Boston, and in the course of their business relations, had remitted divers sums of money in payment thereof to them in Boston, that no payment had been made to plaintiff in San Francisco, nor demanded by them of defendants, and the letters of the plaintiff to the defendants, accompanying the invoices of goods forwarded, stated as follows: "funds in payment of the same to be in Boston two-and-a-half months after arrival of vessel." "In future I should prefer remittances, if convenient, being made direct to me." "Cash to be in Boston two-and-a-half months after arrival of vessel." "In no case omit remitting," &c.

There was also evidence that one of the partners, defendants, resided in Boston for some time during the business relations between them and the plaintiff, and that there was some participation in the profits of certain descriptions of goods, which do not appear to have been considered by the court.

Upon hearing the case as presented, the District Court on the 15th March dissolved the attachment, and the plaintiff appealed.

No briefs on file.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The remedy by attachment is given by the statute of this State to those contracts for the direct payment of money which are made, or are payable, in this State.

It is argued, that although the contract was not made, nor by its terms payable in this State, yet because the defendants reside here, and the action is transitory, that therefore it is pay-

able here, and entitled to the attachment. This construction would annul every distinction which is contemplated by the language of the act. All actions or contracts for the payment of money are transitory, and so the words of the act, "is made or is payable in this State," would have no meaning. The universally admitted rule of construction requires effect to be given, if possible, to every part of a law. We can only follow the rule in this case by denying the right of attachment, except where the contract is made within this State, or if made without it, then accompanied by a stipulation between the parties to it, that the money is to be paid here. A subsequent promise to pay here, cannot affect the question in any manner when the suit is brought upon the original contract.

Judgment affirmed.