CHARLES B. YOUNG, Appellant, *v.* JOEL S. POLACK, Respondent.

Plaintiff and defendant took a joint lease for improving certain property; plaintiff, with consent of defendant, made, in his own name, a contract to make the improvements stipulated by the lease, which he performed, and paid or advanced all the expenses out of his own funds. This contract was drawn by defendant himself. Plaintiff claimed damage of defendant for the failure to advance funds on his part, as the buildings advanced, and the *value* of the buildings erected by him (the plaintiff).

The court below decreed that the plaintiff recover equal contribution of the money advanced by him, from the defendant, with three per cent. per month interest, the then current rate; which decree was affirmed by the Supreme Court.

APPEAL from the Fourth Judicial District.

The material facts of this case appear to be, that the plaintiff and defendant, in September, 1852, took a joint lease of a lot in San Francisco, stipulating to erect certain buildings thereon, and mutually to provide funds for the purpose, and mutually to pay as the buildings advanced. The ground rent reserved was $400 per month. The lease was to continue five years, with the privilege of renewal, and it contained a stipulation in the event of

the buildings being destroyed by fire or otherwise, that they should be rebuilt by the lessees, and further provided for a forfeiture and entry by the lessor, upon a failure in the performance of the conditions by the lessees.

The complaint set out a letter from the defendant to the plaintiff, dated 21st June, 1852, which, referring to the lease, contains the following clause: "As you propose expending a large portion of the amount that will be required for brick buildings on the lot, I would request for its completion that you borrow on loan the addition of funds required at from 2 to 3 per cent. per month, as money is of more value to me." "I expect that you will charge on the amount you may expend, 3 per cent. per month, which I deem entitled to a larger interest, as being the basis by which the required funds may be obtained. Relative to the rents, I propose that you be the receiver, and that no dividend be made to either of us, until the entire debt is liquidated, which I am in hopes may be done in 12 or 15 months, leaving to yourself the option of paying your own outlay first. Until rents are obtainable, I will furnish my quota with the taxes."

It was in evidence that the plaintiff expended on the buildings erected on the lot leased as above, nearly all the funds necessary in the progress of the work; also, that he received the rents, and, in his answer, the defendant set up the letter, from which the foregoing extract is taken, as evidence of, and constituting, a contract on the part of the plaintiff to make the advances; and that he made them in consequence of this arrangement. And this was the only evidence tending to prove that the plaintiff was to pay more than the defendant towards the expenses of the improvements on the lot. To this letter there was no written or direct proof that the plaintiff assented or agreed.

It further appears, that on the 6th September, 1852, the plaintiff, with the knowledge of the defendant, entered into a building contract in his own name, for the erection of the buildings, that he erected the same, and constructed a bulkhead to protect them against the water of the bay; and other improvements, for all of which he paid.

That the only money paid by the defendant, on the said lease,

14

was the ground rent for the month of October, which he had paid without demand, and notwithstanding a written agreement between plaintiff and defendant, and the lessor, deferring payment till December following.

There was a great deal of fraud charged against each other, by the parties, but the evidence offered to sustain the charges, was rejected by the court.

The accounts were referred to the clerk of the court, who reported a balance due to the plaintiff, of $14,920 78, the moiety of the amount advanced by him, for which judgment was entered against defendant, with interest at the rate of 3 per cent. per month, and the court decreed defendant to pay the amount in thirty days; and that in default of payment as directed, the injunction heretofore issued (restraining the defendant from asserting any further claim to the property, or interfering in the leasing thereof, &c.) against the defendant, be made perpetual; and upon payment, as decreed, that defendant be entitled to equal ownership, &c., of the premises and rents, with the plaintiff. Plaintiff appealed.

*W. J. Shaw*, for appellant,

Urged that plaintiff did not advance the money on defendant's credit, but foreseeing from the conduct of the defendant, that the whole would fall upon him, took the building contract in his own name, to prevent the defendant from acquiring any right in it, unless he paid his portion of the expenses. That the defendant, knowing the danger and risks of fire and floods, consented to this, and wrote it out with his own hand, thereby abandoning all right to the building, and left the plaintiff to pay all the expenses and take the risks, and become the sole owner of the building if defendant should not pay his proportion of the undertaking. The whole case shows this understanding. If the property had been destroyed by fire, defendant would not have appeared to claim it, or pay for it. The appellant would have sustained the entire loss.

Although the defendant had equal interest in the lease, yet having entirely failed to comply with it on his part, and expressly consented that the plaintiff should alone erect the improve-

ments at his own risk and expense, the parties are not tenants in common in the improvements, but in the lease only.

A co-tenant is not chargeable with the rent accruing on the enhanced value of the property, added by the expenditure of his own funds.  1 M'Mullin, Rep. 75 ; Ib. 69, 298, 475.

Defendant should pay half the value of the buildings to entitle him to share in the rents.

If defendant had gone into equity, he could have recovered only on paying half the *value* of the improvements ; or if he had claimed the rents, he could only have recovered $400, the value of the ground without the improvements.  Stor. Eq. Jur., §§ 655, 6 a, 66, and 799; also, 1234 to 1251.

*L. Parsons,* for respondent.

The plaintiff and defendant were tenants in common of the chattel ; the improvements of the one, were the improvements of the other.  One tenant who expends more than his proportion of money, can compel contribution.  Kent's Com., vol. iv. 370.

The plaintiff's action is for contribution, and this he has got, and more, for the law gives him but 10 per cent. and he has been decreed 3 per cent. per month.  The claim for damages in addition to interest, is denied.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The plaintiff and defendant were joint tenants of an estate for years, and this bill was filed to compel the defendant to contribute for improvements made by plaintiff on the joint property.

The object of the appeal seems to be, to deprive the defendant of his interest in the lease.  This of course it is impossible to do.  The court below has gone very far, in rendering all the relief to which the plaintiff is entitled, and there is certainly nothing in the decree which can be the subject of complaint on his part.

The judgment is affirmed, with costs.