## CRARY *v.* BOWERS.

' A holds a note against B for $4,000, secured by a mortgage on B's mining claim. The note being due, B agrees with C to sell the claim to him, in consideration of C's payment of the debt to A. B and C execute an agreement in writing, to which A assents, that C shall pay A $400 in cash, $1600 within two days, and for the remaining $2,000 give his note to A, payable in four months. C pays the $400, and executes the note, which A receives. A retains his original note and mortgage, and there is no understanding that these shall be released : *Held*, that this transaction operated as a conditional payment of the original debt; that the debt was not thereby extinguished, but the remedy upon it suspended until default on the part of C in making his payments.

*Held, further*, that C failing to pay the $1600 at the time agreed, A might thereupon, for this breach, consider the entire contract annulled, and without waiting for the maturity of C's note, maintain an action against B upon the original note for the whole balance unpaid.

APPEAL from the Eleventh Judicial District.

Plaintiff, on the twenty-second day of April, 1858, was the holder of a note against defendant Bowers for $4,000, secured by a mortgage on a mining claim owned by same defendant. Bowers on that day contracted to sell the claim to defendant Benedict, and the two .executed the agreement set forth in the findings of

fact.   This action on the original note was commenced April 29th, 1858—the $1600 mentioned in the agreement not having been paid, and the two thousand dollar note not then being due.   In January, 1861, and a few days before the last trial, one Williams having obtained a judgment against plaintiff, levied upon and sold at Sheriff's sale, (so far as could be done without the note being taken into possession by the Sheriff) as the property of plaintiff, the two thousand dollar note, executed by Benedict to him, of which Williams became the purchaser, and on a motion for a new trial these facts were presented in an affidavit, as constituting a new ground of defense to this action, which defendant asked leave to plead and prove upon a new trial to be granted for that purpose. The Court below found the following facts :

1st.   That the note sued on was given as part of the purchase money of the claim mortgaged.

2d.   That the sale from Bowers to Benedict was evidenced by the following written agreement, to wit:   "Memorandum of agreement made and concluded this twenty-second day of April, by and between J. C. Bowers of Forest Hill, county of Placer, and State of California, party of the first part, and Lewis Benedict of Todd's Valley, county and State aforesaid, party of the second part, witnesseth that the party of the first part hath this day sold unto the party of the second part all that certain piece or parcel of property situated at Forest Hill, known and described as follows, to wit:   an undivided one-ninth interest in the mining claims known as the Gore claims, in Forest Hill, for the sum of four thousand dollars, payable in manner following, to wit:   the sum of four hundred dollars to be paid in hand, and sixteen hundred dollars to be paid to Peter M. Crary on or before the twenty-fourth day of April, 1858, and the balance to be paid to said Peter M. Crary, as fast as it is taken out of the claim over and above expenses of working the interest hereby sold ; the last payment, being two thousand dollars, to be in a note given said Crary, payable four months from date, a copy of which is hereby attached, and the payments, as before described, are to be credited on said note as fast as paid from the claim, as before mentioned, and when the said sum of four thousand dollars is paid, in manner as before stated, the party of the first

Crary v. Bowers.

part agrees to make to the party of the second part a full and complete bill of sale to said interest in said claim.

"In witness whereof, the said parties have hereunto set their hands and seals, the day and year first above written.

"J. C. BOWERS,        (Seal.)
"LEWIS BENEDICT."    (Seal.)

3d. That Crary was present at the making of said agreement, and consented thereto.

4th. That a duplicate copy of said agreement and note attached was made, and signed, and delivered, the one to Crary and the other to Bowers and Benedict.

5th. That at the time of the execution and delivery of said agreement and note attached, it was understood and agreed between the parties that if the payments were made to Crary, as provided for in said agreement, that such payments were to operate a discharge of the note sued on; but that if such payments were not made, Crary was still to hold the note and mortgage sued on.

6th. That on the day of the making of said agreement, Benedict paid to Crary four hundred dollars. No other payment has been made.

7th. On the trial, plaintiff made delivery in Court, for the defendants, of the said agreement and note attached, which was in his possession.

Judgment was rendered for plaintiff for the full amount of the note, and defendant appeals.

*Thos. H. Williams*, for Appellant.

I. The action was prematurely brought. The note taken from Benedict operated as a suspension of payment of the original debt until that note had matured. (*Higgins* v. *Wortell*, 18 Cal. 331; 12 Id. 317; Chitty on Contracts, 659–60; *Price* v. *Price*, 16 Meeson & Welby, 231; *Blackburn* v. *Wood et al.*, 3 Sneed, (Tenn.) 470; *Rudder* v. *Price*, 1 Henry Blackstone, 547.)

II. If prematurely brought, no subsequent proceedings could cure the defect. (3 Cal. 260; 8 Id. 634; *Davis* v. *Eppinger*, 18 Id. 379.)

III. The execution sale of the Benedict note was equivalent to

an assignment of it by Crary, and an assignment of a note taken as conditional payment operates to destroy the remedy upon the original debt in the same manner as its payment.

*Tuttle & Hillyer*, for Respondent.

I. If the new arrangement operated as conditional payment, the contract implied by the law therefrom to give time was an entire contract, and upon its breach in the nonpayment of the $1,600 plaintiff had a right to treat the transaction as ended, and sue on his original demand. (9 Cow. 274; 10 Pick. 302; Id. 250; 2 Vernon, 455; Parsons on Contracts, 30.)

II. The note and agreement of Benedict were not conditional payment, but collateral security. (*Beckwith* v. *Sibley*, 11 Pick. 481; *Price* v. *Colton*, 14 Id. 221; *Whitewell* v. *Brigham*, 19 Id. 117; *Burdick* v. *Green*, 15 Id. 247; *Pring* v. *Clarkson*, 18 Eng. Com. Law, 7; 7 Serg. & Rawle, 218; 11 Martin, (La.) 482; 2 Vermont, 129; 10 Cal. 419.)

III. The sale of the Benedict note under execution was after this action was commenced, and by the suit itself plaintiff elected to consider the transaction in reference to the new note as ended, and a subsequent sale would not affect him.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

This is an action upon a note and mortgage for four thousand dollars. The defense set up grows out of an arrangement by which one Benedict assumed the payment of this indebtedness. Two notes, payable at different times, were executed by him for the amount, and these notes were delivered to and accepted by the plaintiff. The original securities, however, were not given up, nor does it appear that the notes were received in satisfaction of the demand arising upon these securities. The Court finds that the parties intended a conditional payment, and there is no doubt that such was the object and effect of the transaction. The debt was not extinguished, and the acceptance of the notes only operated a temporary suspension of the remedy for its recovery. The liability of the defendant was not affected, and payment of the notes at

maturity was necessary to prevent the plaintiff from enforcing it. The first of the notes became due and was not paid, and the action was commenced before the second note had matured. The defendant contends that the suit was prematurely brought, and that the remedy as against him was suspended until the maturity of the second note. This position is obviously incorrect, for the notes were taken upon the understanding that they were to be paid according to their terms, and the failure in respect to the first note entitled the plaintiff to put an end to the transaction. The agreement on his part was to receive payment in a particular manner, and the contract ceased to be binding upon default of payment in the manner agreed on.

The point in relation to the sale of the notes is not well taken. It appears that the notes were sold, or attempted to be sold, under execution, but this occurred after the commencement of the suit. The plaintiff had then elected what remedy to pursue, and the notes remained in his possession and were delivered up at the trial.

Judgment affirmed.