[No. 6,286.—In Bank.]

## ECK v. HOFFMAN.

ATTACHMENT—CONTRACT PAYABLE IN THIS STATE—DEFINITION.—If a contract is not made in this State, there must be an express stipulation that it shall be paid in this State, in order to authorize the issuance of an attachment in an action upon it, (under § 537, subd. 1, Code Civ. Proc.)

ID.—RESIDENCE.—The defendants, upon the facts stated in the opinion, *held* to be residents of this State.

APPEAL from an order dissolving an attachment, in the Twelfth District Court. DAINGERFIELD, J.

The facts are stated in the opinion.

*T. H. Rearden*, for Appellant.

*Paul Neuman*, and *Henry Eichhoff*, for Respondents.

SHARPSTEIN, J.:

This is an action upon three several dishonored bills of exchange, drawn by one of the defendants upon the other in favor of the plaintiff. The drawee defendant accepted the bills before their maturity. At that time all the parties resided in Germany, and the bills were drawn and payable there. After the acceptance and before the maturity of the bills, both of the defendants left Germany and came to the United States under an assumed name, which they adhered to until the commencement of this ac-

tion. They arrived in New York in the month of July, 1877, and came from there to San Francisco the same month, where they remained until the following October, when they purchased a farm in Sonoma County, in this State, and immediately went to live upon it. They remained upon it until the commencement of this action, a period of about eight months, although they have seemed desirous much of the time to sell it. At the time of the issuance of the summons, the plaintiff sued out a writ of attachment in this action, upon an affidavit which stated that the bills sued on were payable in this State, and that the defendants were non-residents thereof. The affidavit did not state that there was any express stipulation that the bills should be paid in this State, nor did it deny that the defendants came and remained here as above stated. The theory was that although the bills were drawn at one place in Germany, and payable in the same country, on their dishonor they became payable wherever the defendants might be found. That is true in a general sense, but that is not the sense in which the phrase " is made or is payable in this State " is used in the statute. If a contract is not made in this State, there must be an express stipulation that it shall be paid in this State to authorize the issuance of an attachment in an action upon it. That was settled more than a quarter of a century ago in *Dalton* v. *Shelton*, 3 Cal. 206, and although there have been several revisions of the statute since, and changes have been made in the very sections containing the clauses construed in that case, those clauses have remained unchanged. Upon well-settled principles, the Court must regard the construction given to the statute in that case as a correct interpretation of the intention of the Legislature. Otherwise that body would have changed the statute in that respect.

The only other question we have to consider is, whether the defendants were residents or non-residents of this State at the time of the commencement of this action. And conceding all that is claimed by the plaintiff—that they left Germany and came to the United States as absconding debtors; that the debt sued upon was fraudulently contracted; that the defendants assumed a fictitious name for the purpose of more successfully eluding the vigilance of their creditors, and that they have ad-

vertised their farm for sale, and have said that in the event of selling it they would leave the United States—we fail to perceive that the non-residence of the defendants is established.

The rules by which this question must be determined are the same, whether the persons whose residence is disputed are honest or dishonest men.   We are aware of the impossibility of reconciling the decisions upon what does or does not constitute a residence, but we have never met with any case, nor has any been cited, in which it has ever been held that acts similar to those of the defendants in this case were not sufficient to establish a residence.   If the defendants had come to this State free of debt, we do not think that the question of their residence would admit of the slightest doubt.   And the question whether they did so come or not, is in our opinion, wholly immaterial.

We therefore think that the order of the Court dissolving the attachment should be affirmed.

The question of the correctness of the order of the Court giving leave to the plaintiff to amend his affidavit for the attachment, was discussed before us, but as the party who objected to that order has not appealed from it, we have treated the case as if that order was properly made, without intending to decide that question, for the reason that it does not arise upon this appeal.

Order dissolving the attachment affirmed.

MORRISON, C. J., ROSS, J., THORNTON, J., McKINSTRY, J., and McKEE, J., concurred.