[No. 13715.   Department Two. — February 2, 1892.]

## W. N. TULLER, RESPONDENT, *v.* CHARLES S. AR-NOLD ET AL., APPELLANTS.

ATTACHMENT — CONTRACT MADE OUT OF STATE — PLACE OF PAYMENT — PRESUMPTION. — A contract for the payment of money, made in another state, is presumptively to be performed there, and an attachment cannot be taken out in this state in an action on the contract, even though it be true in a general sense that the money was payable wherever the defendants could be found. To authorize the issuance of an attachment, the money must have been made payable in this state by the contract itself.

APPEAL — REVIEW OF DOCUMENTARY EVIDENCE — CONFLICT — PREPONDERANCE. — The rule that the appellate court will not pass upon the evidence in an action when conflicting does not apply where the evidence is all documentary; and where it appears from such evidence that the preponderance is in favor of a different conclusion from that reached by the trial court, the judgment or order will be reversed.

ID. — REVIEW OF DISCRETION — MANIFEST ERROR. — Although the appellate court will not interfere with the discretion of the trial court except where there has been a manifest abuse of such discretion, yet where, in a matter in reference to which the appellate court has equal advantages with the trial court, it is manifest that prejudicial error has been committed, such error will be held to be an abuse of discretion, whether it relates to a conclusion from the evidence or to the construction of the law.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to dissolve an attachment.

The facts are stated in the opinion.

*Robert H. Countryman,* for Appellants.

*John H. Dickinson,* for Respondent.

TEMPLE, C. — This appeal is from an order refusing to dissolve an attachment. Plaintiff is assignee of claims due two Chicago firms from whom defendants had purchased goods. The motion was based upon affidavits made by each defendant to the effect that the goods were purchased in Chicago, and were to be paid for at Chicago thirty days after the date of the invoices.

The affidavit of defendant Louis E. Arnold states that neither of said firms, assignors of plaintiff, have agencies or branch houses at San Francisco; that he personally purchased the goods at Chicago, and ordered them shipped to San Francisco; that they were to be paid for at Chicago, thirty days after the date of invoice, and the bills were not to be payable at San Francisco; that upon the invoice of E. W. Blatchford & Co., one of the assignors, was printed the words, " All bills payable in Chicago. Remit in par funds. No allowance can be made for exchange or express charges "; and on the other invoice, from the L. Wolff Manufacturing Company, the words, " Payable with exchange on Chicago or New York."

The invoices themselves were read at the hearing, and corroborated the affidavit in this respect.

Opposed to these was the affidavit upon which the writ was issued, which conformed to the statute, and the affidavit of N. H. Blatchford, of E. W. Blatchford & Co., and John Clifford, of the L. Wolff Manufacturing Company, which is a corporation.

Blatchford's affidavit states that the goods were to be paid for at and upon their arrival in San Francisco, " though we understood that said payment would be made within thirty days from the date of sale, that being a reasonable time within which said goods should arrive." The affidavit does not state that he was the salesman who

sold the goods, or that he had personal knowledge of the transaction, nor does he give any explanation of the words on the invoice which were in direct conflict with his affidavit.

Clifford states that he is secretary of the corporation; that "L. E. Arnold acted for defendants in making said purchase, and represented to said corporation that said defendants were perfectly solvent, and that they would pay for said goods in San Francisco in ten days from date of invoice, receiving two per cent discount for such payment, or within thirty days," etc. This affiant does not state that he had personal knowledge of the transaction, or that he was connected with the sales department of the corporation, nor does he attempt an explanation of the inconsistent statement on the invoice.

That these statements are inconsistent hardly admits of doubt. To require defendants to pay the difference in exchange is to compel them to deliver the money at Chicago, and is to prohibit them from making a tender at San Francisco.

The contract, having been made in Illinois, was presumptively to be performed there, and an attachment could not be taken out here, even although it is true in a general sense that the money was payable wherever the defendants could be found. To authorize the issuance of an attachment, the money must have been made payable in this state by the contract itself. (*Dulton* v. *Shelton*, 3 Cal. 206; *Eck* v. *Hoffman*, 55 Cal. 501.)

Here the preponderance is decidedly in favor of the proposition that the contract was, that the money should be paid at Chicago, and not at San Francisco.

The rule that this court will not pass upon the evidence when conflicting does not apply where the evidence is all documentary. It is true, this court will not interfere with the discretion of the trial court, except where it can plainly see that there has been an abuse of such discretion.

But where, in a matter in reference to which this court has equal advantages with the lower court, it is beyond

doubt that error has been committed to the prejudice of the appellant, it is the duty of the court to correct the error. Such error must be held to be an abuse of discretion. Every reversal goes upon this theory, and it should make no difference whether the mistake be as to a conclusion from the evidence or in construing the law, provided it be made equally clear that error has occurred.

I think the order should be reversed.

VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is reversed.