[No. 52.    Third Appellate District.—September 21, 1905.]

## MRS. H. T. DRAKE, Appellant, v. H. G. DE WITT, and MABEL DE WITT, Respondents.

ATTACHMENT—CONTRACT MADE AND PAYABLE OUT OF STATE.—The right to an attachment in this state is purely statutory, and does not extend to a contract made out of the state and which does not expressly provide for payment in this state.

ID.—CONTRACT FOR COMMISSIONS EARNED IN ANOTHER STATE—PRESUMPTION AS TO PLACE OF PAYMENT.—A contract to pay commissions on sales to be made by plaintiff in another state, executed and performed in such other state, must be presumed to intend that payment is due where the contract was made and the services were rendered.

APPEAL from an order of the Superior Court of Fresno County dissolving an attachment. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

A. M. Drew, and F. H. Short, for Appellant.

Harris & Harris, for Respondents.

McLAUGHLIN, J.—Plaintiff appeals from an order dissolving an attachment. The action in which such attachment

was issued was brought to recover commissions earned by H. T. Drake, plaintiff's assignor, under a written contract made in the state of Minnesota.

Under such contract said Drake agreed to take the St. Paul agency for the sale of California lands owned, controlled, or held under contract by defendant, H. G. De Witt, and under the terms of the agreement Drake was "entitled to the sole agency for St. Paul, Minnesota, while engaged in the sale of these lands." Commissions were to be paid when a sale was influenced by Drake, but was finally effected at the home office in California. Monthly reports from the California office were to be sent to Drake, and commissions earned were to be paid in money or land at his option. The defendants reside in California; the plaintiff in Minnesota.

The right to have an attachment issue is purely statutory, and the person claiming such right must show affirmatively that the contract agreed upon falls within the provisions of section 537, Code of Civil Procedure. In an early case involving the construction of a similar statute it was said: "The universally admitted rule of construction requires effect to be given, if possible, to every part of a law. We can only follow the rule in this case by denying the right of attachment except where the contract is made within the state, or if made without it, then accompanied by a stipulation between the parties to it that the money is to be paid here." (*Dulton* v. *Shelton*, 3 Cal. 208.) This construction has been adhered to for more than fifty years, and "upon well-settled principles the court must regard the construction given to the statute in that case as a correct interpretation of the intention of the legislature." (*Eck* v. *Hoffman*, 55 Cal. 502; *Tuller* v. *Arnold*, 93 Cal. 168, [28 Pac. 863].) The contract before us shows on its face that it was made and was to be performed by Drake in the state of Minnesota. There is nothing to indicate that commissions earned were to be paid in California. The stipulations touching monthly reports, and commissions on sales influenced by Drake but consummated here, evince a contrary intention, and the presumption is that payment was due where the contract was made and the services were rendered. (Bishop on Contracts, sec. 1391.) What the rights of plaintiff might have been had she elected to receive payment in land is a question not before us for decision.

Suffice it to say that this clause in the contract does not aid appellant's contention here. Her right to an attachment in any event depends upon the view that this was a contract for the direct payment of money, and it is essential to such right that the agreement itself contain some provision indicating that such money was payable in this state.

There is no express or even implied stipulation to this effect in the contract, and the order is therefore affirmed.

Chipman, P. J., and Buckles, J., concurred.