[Civ. No. 807. Second Appellate District.—June 14, 1910.]

## R. A. ATWOOD et al., Respondents, v. LITTLE BONANZA QUICKSILVER COMPANY, Appellants.

ATTACHMENT—NEGOTIABLE NOTE MADE OUT OF STATE—FOREIGN CORPORATION—PLACE OF PAYMENT—CODE PROVISION—PRESUMPTION.—Although section 3100 of the Civil Code provides that "a negotiable instrument which does not specify a place of payment is payable at the residence or place of business of the maker, or wherever he may be found," yet, where the maker is a foreign corporation having its principal place of business in Boston, Massachusetts, where all of its directors reside, and where its note was executed and dated, without designating a place of payment, it was presumptively payable there, in relation to the attachment laws of this state, and though such corporation is doing business in this state, in compliance with its laws, an attachment against it on such note will not lie in this state.

ID.—PROVISIONS OF ATTACHMENT LAW—CONTRACT MADE OUT OF STATE—EXPRESS PAYMENT IN STATE ESSENTIAL.—To authorize an attachment in this state upon a contract not made in the state, it must appear that the money must have been made payable in this state by the contract itself. The right of attachment, in such case, depends upon the contract being for the direct payment of money, and it is essential to such right that the agreement itself should contain some provision indicating that such money was payable in this state.

ID.—TERMS OF NOTE CONCLUSIVE—ORAL EVIDENCE INADMISSIBLE.—Where by its terms a note made out of this state is legally presumed to be payable out of the state, the parties are concluded by the legal terms of their contract, whenever the attachment laws of this state are invoked, and oral evidence to vary the legal terms of the contract is inadmissible.

ID.—REFUSAL TO DISSOLVE ATTACHMENT—IMPLIED FINDING—ABSENCE OF CONFLICT—REVERSAL.—Where an order denying a motion to dissolve an attachment upon a note made out of this state rests upon an implied finding that it was payable in this state, based upon illegal oral evidence as to the place of payment, contrary to the legal terms of the note, no question of conflict arises upon such evidence, and the order must be reversed.

APPEAL from an order of the Superior Court of San Luis Obispo County refusing to dissolve an attachment. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Wm. Shipsey, for Appellants.

Lamy & Putnam, for Respondents.

ALLEN, P. J.—The action was upon certain negotiable instruments on their face executed by the corporation at Boston, Massachusetts, without definite place of payment therein stated. At the commencement of the action, plaintiffs, by an affidavit filed, alleged that the notes were payable within this state, and other facts requisite in order to procure a writ of attachment. No statements, however, were therein contained as to the residence of defendant corporation. The writ was issued and a motion made to dissolve the same, upon the ground that the instruments were made in another state and were not payable in this state. Upon the hearing of such motion, affidavits were presented by the defendants to the effect that defendant corporation was a foreign corporation, with its principal place of business in Massachusetts; that the members of the board of directors were all residents of said state; that the notes were there executed, copies of which notes were set out in the affidavits. Plaintiffs by certain affidavits filed sought to show that, notwithstanding the omission to specify the place of payment, it was understood and agreed when said notes were delivered that the same were payable either in Massachusetts or California; that payment thereof was to be made from the proceeds of certain mines being operated by defendant corporation in San Luis Obispo county, this state; that after the execution of the notes defendant corporation filed copies of its articles of association in this state and appointed a person upon whom process might be served, all in conformity with the laws of this state; that other actions had been commenced after the execution of these notes and judgment had thereon against defendant corporation in this state. The court below denied the motion to dissolve, from which order defendants appeal.

It is insisted by respondents that the order of the court. denying the motion rests upon an implied finding that the notes were payable in this state, and there being a conflict in. the evidence in that regard, an appellate court will not disturb the same. This would be the true rule were a conflict in the evidence apparent. As the record is presented, however, the question of conflict only arises upon the theory that the evidence offered of a contemporaneous oral agreement was. proper for consideration and admissible. It is true that section 3100, Civil Code, provides: "A negotiable instrument which does not specify a place of payment is payable at the residence or place of business of the maker, or wherever he may be found." Were it an open question we should be inclined to the opinion that such section was intended to modify a rule declared in many jurisdictions, to the effect that,. "where no place of payment is expressed in a note, the place of payment is understood to be where the maker resides," while in other jurisdictions the rule was, "as between the original parties, however, all debts are payable everywhere, unless some special provision to the contrary is made, and the rule is that debts have no situs but accompany the creditor everywhere."' (Story on Bills, sec. 159; *Slacum* v. *Pomery,* 6 Cranch, 221.) But we are confronted with the construction of such section as applied to attachment proceedings in *Tuller* v. *Arnold,* 93 Cal. 168, [28 Pac. 864], where it is said: "The contract, having been made in Illinois, was presumptively to be performed there, and an attachment could not be taken out here, even although it is true in a general sense that the money was payable wherever the defendants could be found. To authorize the issuance of an attachment, the money must have been made payable in this state by the contract itself." (Citing authorities.) The right to an attachment in any event depends upon the contract being for the direct payment of money, "and it is essential to such right that the agreement. itself contain some provision indicating that such money was. payable in this state." (*Drake* v. *De Witt,* 1 Cal. App. 618, [82 Pac. 982]; citing in support, *Dulton* v. *Shelton,* 3 Cal. 208; *Eck* v. *Hoffman,* 55 Cal. 502.) Accepting this as the rule, and the terms of the note being admitted, it follows that no evidence was competent which undertook to change or modify the language of the instrument. Whatever may have

been the understanding of the parties as to the place of payment, they are concluded by the terms of their written contract and the legal presumptions attaching thereto, whenever they invoke the attachment laws of this state. No conflict arising, therefore, from competent evidence, we are constrained to hold that, as a question of law, the writ of attachment should have been dissolved, and that the court erred in denying such motion.

Order reversed and cause remanded for further proceedings.

Shaw, J., and Taggart, J., concurred.