[Civ. No. 3007. Second Appellate District, Division One.—May 3, 1920.]

## MARY ERICKSON, Appellant, v. O. S. ERICKSON, Respondent.

[1] ATTACHMENT—ACTION ON FOREIGN JUDGMENT.—Section 537. of the Code of Civil Procedure does not authorize an attachment to be issued in an action brought in this state upon the liability created by a judgment entered in favor of the plaintiff and against the defendant in another state.

APPEAL from an order of the Superior Court of Los Angeles County dissolving an attachment. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Emmet H. Wilson for Appellant.

C. W. Benshoof for Respondent.

JAMES, J.—Appeal from an order dissolving an attachment issued at the instance of the plaintiff.

[1] The action was brought in the superior court of the county of Los Angeles and the cause of action stated was upon liability created by a judgment, which judgment was entered against defendant in the state of Washington. Plaintiff, as a prerequisite to the issuance of the attachment, made her affidavit in which she alleged that her claim was "for money due, owing, and unpaid on account of judgment rendered in favor of the plaintiff and against the defendant, and that such contract was made and is payable in this state, . . . " Section 537 of the Code of Civil Procedure permits attachment to be issued in an action upon a contract, express or implied, for the direct payment of money, "where the contract is made or is payable in this state." As to whether a judgment in any clear sense constitutes a contract, is open to debate. English writers on the common law decline to give it that general character because, for one thing, a judgment in contested cases lacks the essential of consent of the party to be bound. However, judgments were sometimes

classified as "contracts of record" upon the assumption that a promise would be implied in law on the part of the judgment debtor to pay the amount adjudged to be due from him. A diversity of opinion is to be found in the decisions on the question. However, the supreme court of this state has affirmed the position that a suit upon a judgment is an action upon contract. (*Bean* v. *Loryea,* 81 Cal. 151, [22 Pac. 513], and cases cited therein.) Moreover, appellant here necessarily confirms that view, and respondent concedes that the law is so established. A contract is presumed to be payable where made, in the absence of terms providing otherwise. (*Tuller* v. *Arnold,* 93 Cal. 168, [28 Pac. 863].)

The bald question then for determination is as to whether a contract made in another state and which contains no terms providing that payment shall be made in this state is such a contract as authorizes an attachment to issue in an action brought here. The answer must be in the negative. It has been directly so held: *Dulton* v. *Shelton,* 3 Cal. 206; *Eck* v. *Hoffman,* 55 Cal. 502; *Tuller* v. *Arnold, supra.* The cause of action, therefore, as shown, was not based upon a contract made or payable in California, and hence no attachment was authorized to be issued therein. The Oregon case cited by appellant (*Meyer* v. *Brooks et ux.,* 29 Or. 203, [54 Am. St. Rep. 790, 44 Pac. 281]), was evidently decided under a statute different in terms from those of our section 537 of the Code of Civil Procedure.

The order appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.