[L. A. No. 8076. In Bank.—March 29, 1927.]

WILLIAM R. SNAPP et al., Respondents, v. CHARLES B. KIDDER et al., Appellants.

[1] ATTACHMENT—CONTRACTS—PLACE OF PAYMENT.—Where the right to an attachment depends upon the contract sued upon being made "payable in this state" it is not enough that the money be payable wherever the defendant may be found, and therefore payable in this state, but the contract must provide either in terms or by necessary implication that the obligation is payable in this state.

[2] ID.—CONSTRUCTION OF CONTRACT—WHEN MONEY NOT PAYABLE IN STATE.—In an action to recover a sum of money alleged to be due for the use of a privilege or gambling car connected with a traveling show, where by the terms of the contract between the parties, executed in another state, a certain sum was to be due and payable on a certain day of each week during the show, and the contract contemplated weekly payment of said sums at such place or places as the show might be operating when the same fell due, but the contract itself does not indicate the places where the show visited nor the record disclose that any part of the amounts sued for was earned or became payable in this state, a writ of attachment was improperly issued in the action.

(1) 6 C. J., p. 77, n. 86, 87.   (2) 6 C. J., p. 77, n. 86.

APPEAL from an order of the Superior Court of Los Angeles County refusing to dissolve an attachment. C. W. Guerin, Judge. Reversed.

The facts are stated in the opinion of the court.

L. Lee Bernstein for Appellants.

Verge, Cooney & Calhoun for Respondents.

THE COURT.—This appeal was placed upon a special calendar of this court upon an order to the respondents to show cause why the judgment herein should not be reversed, or that such order be made as might be meet in the premises.

1. See 3 Cal. Jur. 417.

At the time of the placing of said cause upon said calendar, and the entry of said order, it appeared that the appellants' brief had been filed herein, but that no brief on behalf of the respondents had been filed, although the time for the filing of such brief under the rules of this court had long since expired. The respondents failed to appear upon the calling of said calendar and the order to show cause was thereupon submitted. There is presented herein an appeal from an order of the superior court of the county of Los Angeles refusing to dissolve an attachment. Section 537 of the Code of Civil Procedure enumerates the circumstances under which an attachment may issue upon the institution of an action. The writ of attachment complained of herein was undoubtedly issued under subdivision 1 of said section and the conflicting affidavits filed in connection with the appellants' motion to dissolve the same indicate that the controversy revolves about the question whether or not the contract out of which the debt arose was "payable in this state."

[1] It has repeatedly been held that where the right to an attachment depends upon the contract being "payable in this state" it is not enough that the money be payable wherever the defendant may be found, and therefore payable in this state, but that the contract must provide either in terms or by necessary implication that the obligation is payable in this state. (*Eck* v. *Hoffman*, 55 Cal. 501, 502; *Tuller* v. *Arnold*, 93 Cal. 166, 168 [28 Pac. 863]; *Drake* v. *De Witt*, 1 Cal. App. 617, 618 [82 Pac. 982]; *Atwood* v. *Little Bonanza Co.*, 13 Cal. App. 594, 596 [110 Pac. 344]; *Erickson* v. *Erickson*, 47 Cal. App. 319, 320 [190 Pac. 464].)

[2] The instant action was instituted to recover, in the main, a sum of money alleged to be due for the use of a privilege or gambling car connected with a traveling show. By the terms of the contract between the parties, executed at East St. Louis, Illinois, the sum of $275 was to be due and payable on Wednesday of each week during the show season. It may be said, therefore, that the contract contemplated the weekly payment of said sum at such place or places as the show might be operating when the same fell due. The contract itself does not, however, indicate the places where the show visited nor does the record herein disclose that any part of the amount sued for was earned or

became payable in this state. This being so, it cannot be said that the obligation on any proportionate part thereof was either expressly or by necessary implication payable in this state. The writ of attachment was therefore improperly issued and the trial court erred in refusing to dissolve it. The order appealed from is reversed.