[Civ. No. 1165.   Fourth Appellate District.—March 23, 1935.]

CHARLES W. LINDSAY et al., Appellants, v. J. A. MACK, Respondent.

492

Hamilton, Lindley & Higgins for Appellants.

Ed. P. Sample and Charles A. Brinkley for Respondent.

MARKS, J.—Plaintiffs brought this action to recover $1666.66 and the interest which they had paid to secure the reconveyance to them of property which they had sold to J. A. Mack and wife. This property was encumbered by a deed of trust which had been executed by plaintiffs. George S. Graves was not served and did not appear in the action. Therefore, we will refer to J. A. Mack as the defendant. Judgment went for defendant and plaintiffs have appealed.

Plaintiffs were owners of acreage property near Lakeside in San Diego County. They entered into negotiations for the sale of this property to defendant and his wife. These

negotiations resulted in the parties entering into an escrow on June 11, 1930, for the sale of the property to Mr. and Mrs. Mack. The purchasers were to take title subject to a mortgage to the California Joint Stock Land Bank executed by plaintiffs to secure their note upon which there was an unpaid balance of $12,979.35; they were to pay plaintiffs $16,000 in cash and to execute their mortgage securing their note in the principal sum of $32,270.65 payable in installments over a period of years. The escrow instructions were later modified by reducing the cash payment $6,000 and increasing the mortgage by a like amount. A second modification was made about July 21, 1930, whereby the cash payment was reduced to $8,333.34 and defendant gave plaintiffs the following instrument:

"July 21, 1930

"We, J. A. MACK and GEORGE S. GRAVES, do hereby agree to cause to be released and reconveyed of record on or before SIXTY DAYS from date hereof that certain deed of trust executed by Charles W. Lindsay and Alice F. Lindsay, husband and wife, in favor of Union Trust Company of San Diego, a corporation, in the amount of $1666.66, dated December 4, 1928, and filed for record December 12, 1928, in Book 1563, page 181, records of San Diego County, California.

"Dated July 21, 1930.

"(signed)   J. A. MACK
"GEORGE S. GRAVES
"El Cajon, Calif."

This was the first time the note for $1666.66 and the deed of trust securing it were mentioned in writing between the parties. Prior to July 21st, it was the evident intention of the plaintiffs to discharge this encumbrance out of the cash payment made by the defendant. The escrow was closed by recording the deed and mortgage on or about August 4, 1930. The deed did not contain any agreement on the part of the purchasers to assume and pay the trust deed encumbrance nor did it recite that the conveyance was made subject to any encumbrances.

Defendant went into possession of the property and remained upon it until about December 8, 1932. He did not cause the deed of trust to be released nor the property to be reconveyed to plaintiffs within sixty days or at all. The

note secured by the trust deed was not due until 1932 and plaintiffs waived payment until maturity.

Defendant paid interest on the $1666.66 note, made one payment of $5,500 on the purchase price mortgage note and paid installments of interest. When the $1666.66 note became due plaintiffs paid it to prevent foreclosure of the deed of trust. Defendant defaulted on the 1932 installment of principal and interest and plaintiffs declared the entire amount of the balance of the purchase price mortgage due and payable under the acceleration clause and started suit to foreclose the mortgage probably early in August, 1932. In the pleadings in that action no mention was made of the $1666.66 note or of the deed of trust securing it which plaintiffs had previously paid.

Some time after the foreclosure action was at issue the parties entered into negotiations to settle their difficulties. On November 27, 1932, Mr. Lindsay and Mr. Mack executed a written agreement whereby Lindsay agreed to dismiss the foreclosure action with prejudice and Mack agreed to execute a quitclaim deed to the mortgaged property and deliver its possession to Lindsay on or before December 3, 1932. The agreement also contained provisions concerning crops harvested from and growing upon the property, care of the property and payment of certain bills none of which are important here. A certified copy of the quitclaim deed is in the record, but its date of recordation does not appear. It is dated November 28, 1932, and was acknowledged by Mr. and Mrs. Mack on the same day. It quitclaimed a one-half interest in the property to plaintiffs and the other one-half interest to Annie E. Mitchell.

It is not questioned by the parties that they had at least one contemporaneous oral agreement which was not mentioned in the writing of November 27, 1932. This concerned personal property which defendant had placed on the land and which plaintiffs were willing to and did buy for the sum of $750, which sum they paid him.

This action was filed on December 8, 1932, and a writ of attachment issued against defendant's property. After defendant had loaded his household goods on his truck, and while it was being driven away from the Lakeside property, the truck was attached. There is no evidence in the record showing that any demand had been made by plaintiffs for

the payment of the $1666.66 and interest between the time the trust deed note was paid by them and the service of the writ.

The findings of fact and conclusions of law disclose that the sole theory upon which judgment was rendered for defendant was based upon the conclusion that the document of July 21, 1930, upon which this action was brought, made defendant a surety for the payment of the $1666.66 deed of trust note and that action could not be maintained against him on the agreement until the security had been exhausted. The trial court expressly refused to find on other issues raised by the pleadings because further findings were regarded as unnecessary.

We are of the opinion that the writing of July 21, 1932, was neither a contract of guaranty nor of suretyship. Section 2787 of the Civil Code provides that "A guaranty is a promise to answer for the debt, default, or miscarriage of another person." The agreement did not bind defendant to do anything in case of *default* or *miscarriage* of any other person nor to pay the debt of such person if such person failed to do so. It bound him to pay the debt of such other person, not upon a default, but long after such default could take place and long before the due date of the obligation. Section 2831 of the Civil Code provides: "A surety is one who at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor." The writing in question fails to measure up to the standard of suretyship for the same reasons that it falls short of creating a contract of guaranty. Defendant did not become responsible for payment of the note by plaintiffs. He agreed to discharge the note within sixty days, many months before plaintiffs had agreed to pay it.

Nothing we have here said conflicts in any way with the conclusions we reached in the case of *Birkhofer* v. *Krumm*, 4 Cal. App. (2d) 43 [40 Pac. (2d) 553]. There the defendant had already assumed and agreed to pay the indebtedness and had become surety for the payment of any deficiency remaining after the security was exhausted. There the agreement extended the time for making certain payments. It granted defendant an additional period of

grace within which to make them and did not change his position as surety. In the instant case the position of defendant is entirely different. He did not secure an extension of time within which to make payments. He promised to do, within sixty days, an act which he was not otherwise bound to perform within that time.

■ Appellants maintain that the agreement of July 21, 1930, which forms the basis of this action, is a separate independent contract in which defendant promised to cause the release of the deed of trust and a reconveyance of the property within sixty days and that they can recover their damages caused by his failure to perform, without foreclosure of the deed of trust. This interpretation of the contract is correct for the reasons already given. (See *Crary* v. *Bowers*, 20 Cal. 85; *Wormouth* v. *Hatch*, 33 Cal. 121; *Turner* v. *Howze*, 28 Cal. App. 167 [151 Pac. 751].)

■ Plaintiffs complain of rulings of the trial court on their objections to the admissibility of evidence introduced by defendant. Defendant alleged in his amended answer that he had a collateral oral agreement with plaintiffs, neither incorporated nor referred to in the written agreement of November 27, 1932, whereby his obligation to cause a release and reconveyance of the property described in the deed of trust was to be released upon his quitclaiming the property. When defendant sought to introduce evidence in support of this allegation plaintiffs objected on the ground that the evidence tended to vary and contradict the terms of a written contract.

Two well-recognized exceptions to the parol evidence rule are applicable to this situation. The first is that the actual consideration given for a deed or contract may be proved by parol. (*White* v. *Schader*, 185 Cal. 606 [198 Pac. 19, 21 A. L. R. 499].) If a release of defendant's liability under the agreement of July 21, 1930, was made part of the consideration for the quitclaim deed of November 28, 1932, defendant was entitled to prove that fact by parol. The second exception to the parol evidence rule applicable here is clearly stated in *Greathouse* v. *Daleno*, 57 Cal. App. 187 [206 Pac. 1019], where it is said: "A well-understood concurrent rule is, that where the parol evidence which is offered is entirely consistent with and in no way changes or contradicts the written instrument, such parol evidence may be

admitted. (*Harrison* v. *McCormick*, 89 Cal. 327, 330 [23 Am. St. Rep. 469, 26 Pac. 830]; *Johnson* v. *D. H. Bibb Lumber Co.*, 140 Cal. 95 [73 Pac. 730].) 'The rule that an agreement in writing supersedes all prior or contemporaneous oral negotiations or stipulations concerning its matter has no application to a collateral agreement upon which the instrument is silent, and which does not purport to affect the terms of the instrument.' " (See, also, *Sivers* v. *Sivers*, 97 Cal. 518 [32 Pac. 571]; *Whittier* v. *Home Savings Bank*, 161 Cal. 311 [119 Pac. 92]; *Crawford* v. *France*, 219 Cal. 439 [27 Pac. (2d) 645]; *Hinka* v. *Lange*, 55 Cal. App. 336 [203 Pac. 798].) It is our conclusion that the objections to the introduction of this evidence were properly overruled:

Defendant presents several grounds upon which he urges that the judgment should be sustained. ▮ We have considered all of them but find it necessary to mention but one. He maintains that by a contemporaneous independent oral agreement which formed a part of the consideration for the quitclaim deed and which was not mentioned in the contract of November 27, 1932, and which was not repugnant to its terms, he was released from the obligation created by his agreement of July 21, 1930, and all damages resulting from its breach. Evidence was presented by both parties on this issue, but the trial court failed to find on it. For this reason it cannot furnish a reason for affirming the judgment.

It is obvious that as the findings of fact and conclusions of law which place the defendant in the position of a surety where, until the security is exhausted, he cannot be required to respond in damages to plaintiffs because of the violation of his agreement to have the property described in the deed of trust released and reconveyed to plaintiffs, are not supported by the law applicable to the issue under the evidence before us, there remain no findings of fact or conclusions of law supporting the judgment. ▮ It is also obvious that the amended answer of defendant sets up a sufficient defense to the action of plaintiffs by pleading release by a contemporaneous, independent parol agreement if that defense be sustained by a preponderance of the evidence.

In *Coleman* v. *Coleman*, 23 Cal. App. 423 [138 Pac. 362], it was said: "The authorities support the view that a case

may be remanded with directions to the trial court to find upon a single issue, leaving the other findings to remain as a part of the record. (*Duff* v. *Duff*, 101 Cal. 1, 4 [35 Pac. 437]; *Argenti* v. *City of San Francisco*, 30 Cal. 458, 459, 462.)'' (See, also, *Egan* v. *Crowther*, 74 Cal. App. 674 [241 Pac. 900]; *Kenney* v. *Parks*, 137 Cal. 527 [70 Pac. 550].)

The judgment is reversed with instructions to the trial court (1) to amend the conclusions of law in accordance with the views herein expressed; (2) to make findings of fact and conclusions of law on the question of whether the defendant was released from the obligation created by his agreement of July 21, 1930, and from all damages resulting from its breach by him by an independent oral agreement not contained in the contract of November 27, 1932, and whether such oral agreement, if any, formed part of the consideration given for the quitclaim deed dated November 28, 1932; and (3) to enter judgment in accordance with such amended findings of fact and conclusions of law.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 20, 1935.