[L. A. No. 23503. In Bank. Apr. 26, 1955.]

AMERICAN INDUSTRIAL SALES CORPORATION (a Corporation), Respondent, v. AIRSCOPE, INC. (a Corporation), Appellant.

394

Woodrow & Baird for Appellant.

Stanton & Stanton as Amici Curiae on behalf of Appellant.

Lane & Lane for Respondent.

SPENCE, J.—Defendant appeals from an order denying its motion to discharge an attachment. The action in which the attachment was issued was brought to recover money due under a written contract made in the state of Florida. The contract was silent as to the place of payment, and the trial court admitted parol evidence to determine the place of payment. Defendant contends that this was improper, and that in the absence of a provision in the written contract indicating that the money was "payable in this state" (Code Civ. Proc., § 537), the attachment was illegally issued. Neither

the statute nor general principles of contract law sustain defendant's position.

Plaintiff entered into a written contract with defendant for the sale of certain airplane parts for $100,000, payable $20,000 down and the balance of $80,000 thereafter. The contract was made in Florida and the property was located in that state. There was no provision as to the place of payment. Defendant made the $20,000 down payment, and the contract provided for further payments as follows: Defendant, as owner, would sell the property, retaining 50 per cent of the moneys received and applying the other 50 per cent on its $80,000 balance owing to plaintiff; but in the event that at the end of six months, 50 per cent of the sales receipts did not amount to $80,000, then defendant was to pay the balance still owing in six equal installments, beginning at the end of the seventh month and ending with the twelfth month. Defendant was to furnish a record of sales and was to pay plaintiff the pro rata share not later than 10 days after defendant's receipt of the money from the sales. Plaintiff was given the right to inspect the balance of the property on hand with defendant at any time prior to full payment of the purchase price, and also the right to examine defendant's books and records of sales. The contract further provided that because of the inability of the parties to know future market conditions, defendant might move the property to Long Beach or the Los Angeles area of California, if it deemed such removal to be more economical from an operational standpoint.

Pursuant to its option, defendant moved the property to Long Beach. A year having elapsed since execution of the contract and defendant having paid no part of the $80,000 balance, plaintiff brought this action to recover that sum, and the attachment in question was issued. Defendant moved to discharge the attachment upon the ground that the contract was made in Florida and all payments thereunder were to be made in Florida. The affidavit of defendant's secretary-treasurer was filed in support of the motion. Attached thereto was a copy of the parties' contract, showing that no provision had been made therein as to the place of payment. Plaintiff filed counteraffidavits: one by its vice-president and general manager, and the other by its secretary-treasurer. These counteraffidavits recited that a contemporaneous oral agreement had been made by the parties providing that upon defendant's removal of the property to California for sale,

payments were to be made in this state. The matter was heard upon the affidavits, pleadings and other records in the action. Thereupon, the court made its order denying defendant's motion to discharge the attachment, and defendant appeals.

Section 537, Code of Civil Procedure, provides, in part, that "plaintiff . . . may have the property of the defendant attached . . . in an action upon a contract, express or implied, for the direct payment of money, where the contract is made or is payable in this State. . . ." Unquestionably, the contract here was made in Florida. Plaintiff therefore was not entitled to an attachment unless the sums to fall due were payable in this state. The contract did not specify a place of payment, and plaintiff undertook to supply this omission by evidence of the parties' contemporaneous oral agreement at the time the contract was made.

Accordingly, the above-mentioned counteraffidavit of plaintiff's vice-president and general manager recited: That he represented plaintiff in the negotiations leading up to the execution of the contract; that defendant's secretary-treasurer prepared the contract; that the latter, in the course of negotiations, requested that defendant be given the right to remove the property to a Long Beach or Los Angeles area for resale; that affiant then asked defendant's secretary-treasurer how plaintiff could enforce collection of the money payable under the contract if defendant could remove the property from Florida to Long Beach, its principal place of business; that in answer to this query, defendant's secretary-treasurer replied that under the contract plaintiff would have the right to inspect defendant's books at any time, that payments by defendant would be made to plaintiff's representative in California whenever the books disclosed money to be due, and that plaintiff was entitled to keep an agent in defendant's plant for the purpose of checking on sales. It was further recited that shortly after the contract was made the property was removed to Long Beach, California, and has remained there ever since; that plaintiff sent a duly authorized agent to California but defendant refused to pay any sum to him; that defendant has sold part of the property but has remitted none of the proceeds of sales; that plaintiff relied upon those statements and promises of defendant's secretary-treasurer and otherwise would not have entered into the contract. The counteraffidavit of plaintiff's secretary-treasurer, who was present during the negotiation

of the contract, corroborated the above recitals of plaintiff's vice-president and general manager as to the parties' agreement.

Defendant did not offer any evidence contradicting the specific facts set forth in these counteraffidavits. The affidavit of defendant's secretary-treasurer in support of its motion to discharge the attachment merely recited that the contract was made in Florida and concluded therefrom, in the absence of an express provision in the contract otherwise, that "all sums which defendant . . . is to pay under the terms of said contract shall be paid in the state of Florida."

██ It has long been the rule that when the parties have not incorporated into an instrument all of the terms of their contract, evidence is admissible to prove the existence of a separate oral agreement as to any matter on which the document is silent and which is not inconsistent with its terms. (*Buckner* v. *A. Leon & Co.*, 204 Cal. 225, 227 [267 P. 693]; *Crawford* v. *France*, 219 Cal. 439, 443 [27 P.2d 645]; *Stockburger* v. *Dolan*, 14 Cal.2d 313, 317 [94 P.2d 33, 128 A.L.R. 83]; *Lindsay* v. *Mack*, 5 Cal.App.2d 491, 496-497 [43 P.2d 350]; *Gibson* v. *De La Salle Institute*, 66 Cal.App.2d 609, 631-632 [152 P.2d 774].) Thus, in *Sivers* v. *Sivers*, 97 Cal. 518 [32 P. 571], the contract was silent as to the time of payment, and the court held that it was competent to show by parol that "a period or event had been agreed upon between the parties thereto at which the payment should be made." ██ Likewise here, where the contract is silent as to the place of payment, such matter could be shown by a contemporaneous oral agreement. Upon defendant's removal of the property to its Long Beach place of business for resale, the contract became performable in California insofar as resale of the property and accounting to plaintiff on the money receipts were concerned. By the terms of the contract, plaintiff had the right to have its agent in California inspect defendant's books and determine the amount then payable on the resales. It would be entirely consistent with such arrangement that the amounts owing would be payable to plaintiff's authorized agent. Such precise understanding as to payment was the substance of the contemporaneous oral agreement, and the trial court properly considered the evidence concerning such agreement in determining the place of payment. (12 Cal.Jur.2d § 126, pp. 339-340; see *Kunz* v. *Anglo & London Paris Nat. Bank*, 214 Cal. 341, 347 [5 P.2d 417].)

██ It is true that "In the absence of agreement to the contrary, a debt is payable where the creditor resides, or at his place of business, if any, or wherever else he may be found. . . ." (70 C.J.S. § 6, p. 217; see also *Konig* v. *Associated Almond Growers,* 37 Cal.App.2d 360, 366 [99 P.2d 678].) But such presumption is rebuttable, not conclusive; and plaintiff produced evidence of the contemporaneous oral agreement to rebut the presumption as to the place of payment which would otherwise prevail in view of the contract's silence on the subject. ██ There is nothing in the attachment law (Code Civ. Proc., § 537) which would qualify the application of the parol evidence rule in this state for the purpose of establishing the prerequisites for using the attachment process. ██ While the attachment statute must be strictly construed and one seeking to enforce any right thereunder must affirmatively show that the contract agreed upon falls within its terms (5 Cal.Jur.2d § 4, p. 598), still the statute "must be reasonably and fairly interpreted so as to give [it] an efficient operation, and so as to give effect, if possible, to the expressed intent of the legislature. A statute should never be construed so strictly as to render it absurd or nugatory." (*Walters* v. *Bank of America,* 9 Cal.2d 46, 52 [69 P.2d 839, 110 A.L.R. 1259].) ██ One of the purposes of attachment is to afford the creditor security for the payment of unsecured debts and to prevent the debtor's sequestration of funds or fraudulent transfer of assets in an attempt to hinder or defeat the payment of just claims. (5 Cal.Jur.2d § 3, p. 597.) Manifestly in accord with such purpose would be the sustaining of the attaching creditor's right to prove, within the settled limits of the parol evidence rule, the terms of the contract which are material under the attachment law.

Defendant cites certain cases in support of the claim that where the contract was not made in this state, an attachment will not lie unless the contract itself contains some provision indicating that the money was payable in this state. (*Dulton* v. *Shelton,* 3 Cal. 206; *Eck* v. *Hoffman,* 55 Cal. 501; *Tuller* v. *Arnold,* 93 Cal. 166 [28 P. 863] ; *Drake* v. *De Witt,* 1 Cal.App. 617 [82 P. 982] ; *Atwood* v. *Little Bonanza etc. Co.,* 13 Cal.App. 594 [110 P. 344].) An analysis of the precise questions involved in these cases is appropriate.

In *Dulton* v. *Shelton, supra,* the contract was neither made nor payable in this state but it was argued that since the debtor resided here and the action was transitory, an attachment should lie. However, the court declared that such

remedy should be denied on a contract made without the state unless it was "accompanied by a stipulation between the parties to it, that the money is to be paid here." (P. 208.) In *Eck* v. *Hoffman, supra,* certain bills of exchange drawn and payable in Germany were dishonored, and an attachment was sought here upon the theory that they then became payable where the debtors might be found. The attachment again was denied, following the Dulton case, with the statement that "if a contract is not made in this state, there must be an express stipulation that it shall be paid in this state to authorize the issuance of an attachment in an action upon it." (P. 502.) It is significant to note that neither of these cases holds that where there is an express stipulation between the parties for payment in this state, parol evidence thereof is inadmissible to show that fact.

In *Tuller* v. *Arnold, supra,* a writ of attachment was issued pursuant to an affidavit stating that the contract was payable in this state. However, the invoice showed that the contract was payable in Chicago. This latter fact was shown by an opposing affidavit made on personal knowledge. The affidavit claiming that payment was to be made in California was not made on personal knowledge. Accordingly, the court declared that "the preponderance (of evidence) is decidedly in favor of the proposition that the contract was, that the money should be paid at Chicago, and not at San Francisco." (P. 168.) While the court cited the Dulton and Eck cases for the proposition that the contract, having been made without the state, "was presumptively to be performed there," and in such circumstances for issuance of an attachment, "the money must have been made payable in this state by the contract itself" (p. 168), nevertheless the court's rejection of the affidavit which was not based on personal knowledge suggests that the question of the place of payment can be considered and proved by parol evidence which is based on personal knowledge.

In *Drake* v. *De Witt, supra,* the contract on its face showed that it was made and to be performed without · the state, "stipulations touching monthly reports" evinced the parties' intention that the money was not payable here, and "the presumption is that payment was due where the contract was made and the services were rendered." (P. 618.) Then citing the general language of the Dulton, Eck, and Tuller cases, supra, as above noted, the court added: ". . . it is essential to such right (of attachment) that the agreement

contain some provision indicating that such money was payable in this state." (P. 619.) The earlier cases so cited in the Drake case had not stated that for an attachment to issue where the contract was made without the state, the contract itself, rather than an accompanying stipulation of the parties, must contain the provision for payment in this state. Moreover, such statement in the Drake case was not necessary to the decision and must be regarded as *obiter dictum*.

Then in *Atwood* v. *Little Bonanza etc. Co., supra,* an attachment was issued in an action brought upon certain negotiable instruments executed without the state. The place of payment was not stated, and parol evidence was offered in an attempt to prove that the notes were to be paid in California. The court dissolved the writ of attachment on authority of the Tuller and Drake cases, *supra,* observing that (1) a contract is presumptively to be performed where it is made, and (2) parol evidence is not competent to change the effect of the instrument, pursuant to the rule that "it is essential to such right that the agreement itself contain some provision indicating that such money was payable in this state." (P. 596.)

It is apparent from the above analysis that the rule of the Atwood case, on which defendant relies, rests upon the misapplication of certain general language in the earlier cases. Neither reason nor settled general principles sustain such rule, and its declaration in the Atwood case, along with any language in the preceding cases which would lend support thereto, must be disapproved. (See also *Snapp* v. *Kidder,* 200 Cal. 724, 725 [255 P. 183].) Adherence to such rule would place an illogical restriction upon the use of parol evidence for the purpose of establishing attachment rights, which restriction does not prevail in fixing the terms of the contract for other purposes. (See *Love* v. *Gulyas,* 87 Cal. App.2d 608, 614 [197 P.2d 405].) The presumption that a contract, silent as to the place of payment, is payable at the place where the creditor resides is not conclusive, but is rebuttable by competent evidence. Such evidence may relate to a contemporaneous oral agreement which accompanies the execution of the written contract and is wholly consistent with the terms thereof. To hold otherwise would mean that the place of payment of an oral contract made without the state could be proved by oral testimony of the parties, and yet the like fact could not be similarly established

where the contract was in writing but was silent as to the place of payment. Such an illogical distinction would frustrate the purpose of the attachment process in this state and is wholly out of harmony therewith. Rather, as the applicable principles of law have been hereinabove discussed, the court here properly considered plaintiff's counter-affidavits in proof of the place of payment of the contract and upon that evidence, denied defendant's motion to dissolve the attachment.

The order is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.