[No. 6143.]

MILTON THOMAS *v.* WILLIAM B. LAWLOR.

| 53 | 405 |
|----|-----|
| 77 | 267 |

EQUITABLE TITLE TO STATE LANDS.—A person who purchased land from
the State, and whose application to purchase contains false statements as to
the occupation of the land and the improvements thereon, and an adverse
claim of title thereto, will not on that ground be held, in equity, to have
taken the title in trust for the person who was then in possession of the land
and had improvements thereon, claiming title under a Mexican grant, but
who did not make application to purchase from the State, but applied, under
the Act of Congress of July 23rd, 1866, to purchase the land from the United
States.

EJECTMENT—WITH EQUITABLE DEFENSE.—In an action of ejectment, after
the equitable defense is dismissed, the Court should proceed to the trial of
the issues at law.

APPEAL from the District Court of the Seventeenth Judicial
District, County of Los Angeles.

The plaintiff had judgment, and the defendant appealed. The
facts are stated in the opinion.

*A. J. King* and *Glassell, Chapman & Smith,* for Appellant.

*R. M. Widney,* for Respondent.

By the COURT:

The action was brought for the recovery of the possession of
a tract of land. The answer denies that the plaintiff is the
owner or entitled to the possession of the land, and it also sets
up the Statute of Limitations. It also avers certain facts as
the basis for equitable relief, and prays that the plaintiff be
adjudged to convey the lands to the defendant.

The facts upon which the claim to equitable relief is based
are in substance as follows: The lands are within the limit of

the lands claimed by the City of Los Angeles, and while they were so claimed the city conveyed the same to Carpenter, a remote grantor of the defendant. The patent afterwards issued by the United States to the city, in pursuance of the decree of confirmation, did not include the land in controversy. Carpenter and those claiming under him have been in the continuous occupation of the land, having improvements thereon from 1865 to the commencement of this action. The defendant has filed two applications in the United States Land Office—one before and the other after the commencement of this action—to purchase the lands under the Act of Congress of July 23rd, 1866, which are still pending, but he has made no application to purchase the same from the State.

Application was made by Hazard, in 1868, to purchase the land from the State, and in pursuance of his application a patent was issued to him by the State; and the title thus acquired afterwards vested in the plaintiff. It is alleged that the application of Hazard falsely stated that the land was unoccupied except by him, and that there were no improvements thereon other than his own, and that there was no valid claim existing to the land adverse to his own; when in fact Hazard well knew that the defendant's grantor was in occupation of the land, having improvements thereon and claiming the land. It is also alleged that the plaintiff and all those through whom he claims title from the State had full notice of the rights and claims of the defendant to the land, and of those under whom he claims; and the defendant offers to pay the plaintiff the money paid by him for the land.

From these facts no trust will be implied, in favor of the defendant or his grantor, against the plaintiff or his grantors. Should the defendant succeed in his application to purchase the land from the United States, and should it be shown that the land was improperly listed to the State, he will prevail upon his legal title, and there would be no ground upon which he could invoke the aid of a Court of Equity to compel a conveyance from the plaintiff. If his claim to relief in equity is dependent in any degree upon his success in his application to purchase from the United States, it is obvious that he is not now entitled

to such relief, for the question whether he is entitled to make the purchase is to be determined by the Land Department of the United States, and not by the Courts of this State.

Neither the defendant nor his grantors made application to purchase the land from the State, nor is it averred that at any time they had a better right than Hazard, or any right, to make such purchase; and there is nothing in the answer showing any acts on the part of Hazard by which they were prevented from making such application.

The respective parties proceeded in different modes to acquire the title to the land; the facts upon which they must rely may be essentially different in the respective applications; and they seek to acquire the title from different sources. The one application bears no relation to the other, and the false statements in the one afford no ground upon which the other applicant can claim that he first acquired the title from one source of title in trust for the other applicant, who was seeking to acquire the title from another source. The defendant was not entitled to any relief upon his alleged equitable defense, and it should have been dismissed.

The alleged errors, whether of law or fact, respecting the verdict of the jury upon the special issues submitted to them, need not be noticed in detail, for the reason that the defendant is not entitled to any relief in equity upon his alleged equitable defense. The Court should have dismissed the equitable defense, and then have proceeded to the trial of the issues in the legal branch of the case. The issues as to the plaintiff's title and right to the possession of the land, and those arising upon the answer of the Statute of Limitations, were not comprised in the special issues submitted to the jury, nor have the Court or jury found upon those issues. It was erroneous to render judgment for the plaintiff without a verdict or finding on those issues.

Judgment reversed and cause remanded, with directions to dismiss the equitable defense, and proceed to try the remaining issues in the action.