[Filed October 11, 1886.]

# HENRY TRABANT v. OTTO RUMMELL.

ATTACHMENT—CONTRACT.—Under a statute which provides that the plaintiff may have the property of the defendant attached "in an action upon a contract, express or implied, for the direct payment of money, which contract is made or is payable in the state," if the contract in suit was not made in this state, there must be an express stipulation that it shall be paid in this state, to entitle a party to an attachment upon it. And it seems a subsequent promise to pay here would not change the rule in a suit brought upon the original contract.

CONSTRUCTION OF STATUTE.—It is a familiar rule that the legislature, in adopting a statute of another state, adopts with it the judicial construction of that state, as understood at the time.

MULTNOMAH COUNTY.    Plaintiff appeals.    Affirmed.

*B. Killin* and *J. C. Moreland*, for Appellant.

*Alex. Bernstein*, for Respondent.

LORD, C. J.—The plaintiff brought an action against the defendant on a promissory note, which is as follows :

"$800.                         OAKLAND, CAL., Dec. 1, 1877.

" On demand, I promise to pay Henry Trabant eight hundred ($800) dollars, money received, with interest at six per cent. per annum.                         OTTO RUMMELL."

Upon an affidavit setting forth the above note, and the undertaking in such case required being filed, a writ of attachment was issued, and certain property of the defendant Rummell was levied upon. Thereafter, and on the 12th day of July, 1884, the defendant Rummell confessed judgment in favor of the plaintiff Trabant, and a judgment order was duly entered on that date, together with an order to sell the property theretofore attached. On the 10th day of July, 1884, and before the plaintiff Trabant had recovered judgment against the defendant Rummell, Hexter & May brought an action against the defendant Rummell; filed the required affidavit and undertaking; and a writ of attachment was issued, which was duly executed by levying upon the same property which had been

XIV. OREG.—2.

attached by the plaintiff Trabant. Thereafter Hexter & May duly recovered judgment against the defendant Rummell, and an order issued that the attached property be sold to satisfy said judgment. Subsequently, and during the same term of the court, on an order to show cause, it was ordered "that the judgment order entered in the case of *Trabant* v. *Rummell* be modified, and that the clerk pay the money in his hands to Hexter & May, etc.," which is the order from which this appeal is taken.

There is but one question which we are required to consider on this record: Was the plaintiff Trabant entitled to a writ of attachment in an action on the contract, as alleged and set forth ? Under the statute of this state, the remedy by attachment is given upon those contracts for the direct payment of money which are made, or are payable, in this state. If the contract is not made in this state, there must be an express stipulation that it shall be paid in this state, to entitle a party to a writ of attachment in an action upon it. This has been directly adjudicated under a statute of like import, and from which our statute is presumed to have been taken. In *Dulton* v. *Shelton & Marston*, 3 Cal. 206, the court say :

"It is argued that, although the contract was not made nor is by its terms payable in this state, yet because the defendants reside here, and the action is transitory, that therefore it is payable here, and entitled to the attachment. This construction would annul every distinction which is contemplated by the language of the act. All actions or contracts for the payment of money are transitory ; and so the words of the act 'is made or is payable in this state,' would have no meaning. The universally admitted rule of construction requires effect to be given, if possible, to every part of the law. We can only follow the rule in this case by denying the right of attachment, except where the contract is made within this state ; or, if made without it, then accompanied by a stipulation between the parties to it that the money is to be paid here. A subsequent promise to pay here cannot affect the question in any manner, when the suit is brought upon the original contract."

More recently, however, this same statute has been re-examined by the court, upon a point quite identical with that under consideration. (See *Eck* v. *Hoffman*, 55 Cal. 501.) The contention there was as here, that although the bills were drawn at one place in Germany, and payable in the same country on their dishonor they become payable wherever the defendants might be found. To this argument the court responded:

"That is true in a general sense, but that is not the sense in which the phrase 'is made or is payable in this state' is used in the statute. If a contract is not made in this state, there must be an express stipulation that it shall be paid in this state, to authorize the issuance of an attachment in an action upon it. That was settled more than a quarter of a century ago, in *Dulton* v. *Shelton*, 3 Cal. 206; and although there have been several revisions of the statute since, and changes have been made in the very sections containing the clauses construed in that case, these clauses have remained unchanged. Upon well settled principles, the court must regard the construction given to the statute in that case as a correct interpretation of the intention of the legislature. Otherwise, that body would have changed the statute in that respect."

These authorities bear directly upon the questions presented here; and, independent of their intrinsic merits, they derive additional weight from the familiar rule of construction, that the legislature, in adopting the statute of another state, adopted along with it the judicial construction of that state as understood at the time.

Upon this same statute, but directed to another matter, this rule of construction was recognized and applied by this court. (See *Crawford* v. *Roberts*, 8 Or. 326.) Actions are usually designated as "transitory" or "local." When the action is transitory, the right of action exists wherever the defendant may be found. But a right of action may exist without the right to the aid of an attachment. That usually depends upon the existence of particular facts to authorize its issuance, which must be made to affirmatively appear by affidavit.

Hence, it often happens that a party may have a right of action where he has no right to the help of an attachment, for the want of the particular facts prescribed by the statute to authorize it. This case is illustrative of the difference. Here the plaintiff has a clear right of action against the defendant upon his contract, but to entitle him to the aid of an attach- ment, his contract must have been made or be payable in this state. It was made in California, nor is there any express stipulation it shall be paid in this state; and, consequently, it is not within the terms of the statute which authorizes the is- suance of the writ of attachment. There was no error, and the judgment is affirmed.